Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| RAFAEL ÁNGEL RONDÓN NIEVES<br><br>Recurrido<br><br>v.<br><br>ISABEL VEGA ORTIZ<br><br>Peticionaria | KLCE202400587 | *CERTIORARI*<br>Procedente del Tribunal Superior de Caguas<br><br>Civil Núm.: GR2022CV00028 (701)<br><br>Sobre: Liquidación de comunidad de bienes |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.[1]

Álvarez Esnard, jueza ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de mayo de 2024.

Comparece ante nos la señora Isabel Vega Ortiz, ("Sra. Vega Ortiz" o "Peticionaria") mediante escrito intitulado *Certiorari Civil y Auxilio de Jurisdicción* presentado el 28 de mayo de 2024. Nos solicita que revoquemos la *Orden* emitida y notificada el 30 de abril de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas ("foro primario" o "foro *a quo*" o "TPI"). Por virtud de la misma, el foro primario ordenó a la Peticionaria que entregara las transcripciones de las deposiciones tomadas en el caso al señor Rafael Ángel Rondón Nieves ("Sr. Rondón Nieves" o "Recurrido") en un término de cinco (5) días. A su vez, ordenó que se realizara una tasación de la propiedad de las partes en el estado de Florida, y que se incluyera un estudio de rentas de mercado.

En desacuerdo, el 6 de mayo de 2024, la Peticionaria solicitó reconsideración de la orden relacionada a la transcripción de las deposiciones, la cual fue declarada *No Ha Lugar* mediante *Orden* emitida y notificada el 7 de mayo de 2024. Aún inconforme con el

---

[1] Mediante Orden Administrativa OATA-2024-061 se modifica la integración del panel.

dictamen emitido por el foro primario, el 11 de mayo de 2024, la Peticionaria presentó una segunda solicitud de reconsideración sobre la controversia de las deposiciones, la cual fue declarada *No Ha Lugar* en la *Orden* dictada por el foro primario el 13 de mayo de 2024, notificada al próximo día.

Asimismo, el 12 de mayo de 2024, la Peticionaria solicitó que el foro primario reconsiderara su determinación sobre el estudio de rentas ordenado al tasador. Dicha petición fue declarada *No Ha Lugar* mediante *Orden* emitida el 17 de mayo de 2024, notificada el 20 del mismo mes y año.

Por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari.*

## I.

Los hechos que dan lugar al presente recurso tienen su origen en una *Demanda* sobre partición y liquidación de bienes instada por el Sr. Rondón Nieves contra la Peticionaria. En esta, alegó que contrajo matrimonio con la Peticionaria bajo el régimen de Sociedad Legal de Bienes Gananciales y mediante *Sentencia* dictada el 20 de diciembre de 2021, se decretó el divorcio entre las partes. Señaló que durante el matrimonio las partes adquirieron bienes y deudas de naturaleza ganancial y era su deseo culminar con la comunidad de bienes existente entre ellos. Adujo que las partes habían adquirido durante el matrimonio dos propiedades situadas en el estado de Florida, Estados Unidos y otra en el pueblo de Gurabo, Puerto Rico, entre otros bienes muebles. Por tal razón, solicitó el correspondiente inventario, avalúo, otorgamiento de créditos y se procediera a ordenar la liquidación y adjudicación de los bienes. Requirió, además, una orden provisional que le impidiera a la Peticionaria enajenar y/o realizar cualquier acto dispositivo de

bienes que le pertenezcan a la comunidad de bienes, más una cuantía de $5,000, en concepto de honorarios de abogado.[2]

Transcurridos varios trámites que son innecesarios pormenorizar, el 22 de febrero de 2024, se celebró *Vista de Seguimiento.* Según surge de la *Minuta*,[3] el foro primario le concedió un término de cinco (5) días a las partes para que sometieran los nombres de los tasadores de las propiedades. Además, las partes informaron que las deposiciones se efectuarían los días 26, 27 y 28 de febrero de 2024. Asimismo, **el foro primario aclaró que los tasadores no eran peritos de las partes** y que sus honorarios debían ser sufragados a razón de 50% por cada parte. De igual forma, determinó que el descubrimiento de prueba concluiría el 30 de abril de 2024.

Oportunamente, el 11 de marzo de 2024, el Sr. Rondón Nieves presentó *Moción en cumplimiento de orden*,[4] en la que sometió tres propuestas de tasadores. Además, informó que la parte Peticionaria no le había entregado varios documentos que habían requerido durante la toma de las deposiciones, por lo que, solicitó que se extendiera el término del descubrimiento de prueba. Junto con la moción, el Recurrido anejó las cotizaciones de los tasadores, la que incluía una partida para la realización de un análisis de datos sobre rentas.

Por su parte, la Peticionaria presentó *Moción en cumplimiento de orden y solicitud de prórroga*.[5] Mediante este, alegó que había identificado al tasador William López y solicitó un término de quince (15) días para presentar su *curriculum vitae* y presentar dos opciones de tasadores adicionales. A su vez, solicitó que el perito que fuera seleccionado para realizar la tasación en el estado de Florida fuera

---

[2] Apéndice *Certiorari*, págs. 1-5.
[3] *Íd*, págs. 12-14.
[4] *Íd*, págs. 15-22.
[5] *Íd*, págs. 23-25.

uno de los que había ofrecido, puesto que el primero que seleccionó el foro primario fue propuesto por la parte Recurrida. Al próximo día, la Peticionaria presentó el *curriculum vitae* del tasador ofrecido y la información de los dos tasadores adicionales.[6]

En vista de las peticiones de las partes, el 12 de marzo de 2024, notificada al próximo día, el foro *a quo* emitió *Orden*,[7] en la que declaró *No Ha Lugar* la solicitud de prórroga. A su vez, seleccionó como perito al tasador propuesto por la parte Recurrida, Enio Russe García, para la tasación de la propiedad ubicada en estado de Florida.

Así las cosas, el 29 de abril de 2024, el Recurrido presentó un escrito intitulado *Moción urgente en solicitud de órdenes y extensión del descubrimiento de prueba.*[8] En esta, señaló que entre las partes se había suscitado una controversia sobre la tasación de la propiedad de Florida. En particular, sostuvo que el tasador envió un correo electrónico a los representantes legales de las partes, en el advirtió que se debían atender tres controversias antes de realizar la tasación, entre ellas, si era necesario un estudio de renta del mercado. Indicó que la representación legal de la Peticionaria se opuso a que se realizara dicho estudio bajo el fundamento que no había controversia sobre dicho particular, negando la existencia de las cartas donde formalmente se le había reclamado por el uso exclusivo de la propiedad de ambos. Argumentó que, al amparo del Artículo 840 del Código Civil, 31 LPRA sec. 202 y del caso *Meléndez Berríos v. Maldonado Dieppa*, 175 DPR 1007 (2009), procede que se ordene el estudio de renta.

Asimismo, expuso la parte Recurrida que recientemente había advenido en conocimiento de las mejoras realizadas en la propiedad

---

[6] *Íd*, págs. 26-33.
[7] *Íd*, pág. 34.
[8] *Íd*, págs. 42-64.

y que entendía que había una controversia real sobre el desvío de dineros gananciales a las cuentas privativas de la Peticionaria. Finalmente, arguyó que no se podía concluir el descubrimiento de prueba, toda vez que la Peticionaria no había notificado las transcripciones de las deposiciones y el tasador se ha visto imposibilitado de realizar la tasación.

Evaluados los planteamientos del Recurrente, el 30 de abril de 2024, el foro primario emitió y notificó *Orden*,[9] en la que extendió el descubrimiento de prueba cuarenta y cinco (45) días adicionales. Asimismo, ordenó la tasación de la propiedad del estado de Florida con el valor actual y el estudio de renta de mercado. También, ordenó a la Peticionaria a notificar las transcripciones de las deposiciones en un término de cinco (5) días, so pena de sanciones.

En desacuerdo, el 6 de mayo de 2024, la Peticionaria presentó *Solicitud de reconsideración respecto a deposiciones*.[10] En síntesis, expuso que le cursó a la parte Recurrida una oferta de transacción, la cual aún no había considerado. Señaló que constituiría un ejercicio fútil incurrir en el gasto de la transcripción de las deposiciones si las partes logran un acuerdo. A su vez, solicitó que permitiera notificar las grabaciones de las deposiciones y de las partes no lograr un acuerdo en una Vista Transaccional, se le concediera hasta el 25 de julio de 2024 para notificar las transcripciones.

Evaluada tal solicitud, el 7 de mayo de 2024, el foro primario emitió y notificó *Orden*, en la que, entre otros asuntos, declaró *No Ha Lugar* la solicitud de la regrabación de las deposiciones y le concedió diez (10) días a la parte Peticionaria para que entregara las transcripciones, so pena de sanciones.

---

[9] *Íd*, pág. 65.
[10] *Íd*, págs. 66-73.

Inconforme aún, el 11 de mayo de 2024, la Peticionaria presentó su *Segunda solicitud de reconsideración respecto a deposiciones,* la cual fue declarada *No Ha Lugar*, mediante *Orden* emitida el 13 de mayo de 2024, notificada al próximo día.

Asimismo, el 12 de mayo de 2024, la Peticionaria presentó *Solicitud de reconsideración sobre estudio de rentas,* en la que señaló que al Recurrido no le cobijan los derechos reclamados como comuneros, puesto que sus alegaciones sobre los derechos a las rentas se realizaron mientras aun existía la Sociedad de Bienes Gananciales, es decir, a esas fechas no existía comunidad de bienes. El 17 de mayo de 2024, notificada el 20 del mismo mes y año, el foro *a quo* denegó la solicitud de reconsideración.

Aún inconforme, el 28 de mayo de 2024, la Peticionaria presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Erró el TPI al ordenar un estudio de rentas sin realizar determinaciones de hechos ni conclusiones de derecho y de facto determinar que el Capítulo II del Código Civil de 2020 y Meléndez Berríos v. Maldonado Dieppa, infra[,] le son aplicable a la sociedad de gananciales compuesta por las partes entre el 9 de enero de 2016 y el 19 de enero de 2022.

> En la alternativa, erró el TPI al ordenar un estudio de rentas sin realizar determinaciones de hechos ni conclusiones de derecho y de facto determinar que el artículo 840, infra, dispone que desde que se constituyen una comunidad de bienes el comunero que hace uso exclusivo de un bien le debe rentas al resto de los comuneros, independientemente el primero lo use conforme a su destino y el resto [sic] de los comuneros le hayan autorizado, por lo que no se requiere reclamo expreso a esos efectos.

> También en la alternativa, erró el TPI al ordenar un estudio de rentas sin realizar determinaciones de hechos ni conclusiones de derecho y de facto haber determinado que la moción presentada por la parte recurrida el 11 de marzo de 2024 cumplió un reclamo expreso de pago de rentas y de uso exclusivo de un bien pertenecía a una comunidad de bienes entre las partes.

> Erró el TPI al no determinar que el recurrido litigó de manera temeraria al presentar una moción en cumplimiento de orden con cotizaciones de tasadores que incluían servicios de estudio de rentas que no fueron ordenados por el TPI.

> Erró el TPI al ejercer su discreción judicial respecto al calendario del descubrimiento de prueba cuando ordenó a la peticionaria a notificar las transcripciones de las deposiciones en un término de 10 días so pena de sanciones, pues colocó a esta en un estado de indefensión. (Subrayado en original).

En síntesis, la Peticionaria alegó que el Recurrido realizó los reclamos de pago de renta, antes de haberse disuelto la Sociedad Legal de Bienes Gananciales existente entre las partes. Sostuvo, además, que el Recurrido no realizó esfuerzos de buena fe para resolver la controversia sobre la transcripción de las deposiciones, incumpliendo con la Regla 34 de Procedimiento Civil, 32 LPRA Ap. V, R.34. A esos fines, solicitó, en auxilio de jurisdicción, que se paralizaran los procedimientos ante el foro primario, se revocaran las ordenes emitidas por dicho foro relacionadas al estudio de rentas y se autorizara a notificar las transcripciones de las deposiciones el 25 de julio de 2024. Examinados los argumentos de la parte aquí Peticionaria, declaramos **No Ha Lugar** la solicitud en auxilio de jurisdicción.

De conformidad con la Regla 7(B)(5) de nuestro Reglamento, prescindiremos de la comparecencia de la parte recurrida, a los fines del lograr el más justo y eficiente despacho del caso ante nos. Por tanto, procedemos a exponer la normativa jurídica aplicable a la controversia objeto del recurso de epígrafe.

**II.**

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR ___ (2023); 2023 TSPR 65 resuelto el 8 de mayo de 2023. Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales

o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR __ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### A. *Manejo de Caso*

El efectivo funcionamiento de nuestro sistema judicial, y la rápida disposición de los asuntos litigiosos, requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales. *In re Collazo I,* 159 DPR 141, 150 (2003). Es por ello, que a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *Íd.* **El Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin demora, con miras a que se logre una justicia rápida y eficiente.** *In re Pagani Padró,* 181 DPR 517, 529 (2011). Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del foro primario. Siendo así, el Tribunal Supremo ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, **salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.** *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**III.**

Expuesto el marco jurídico, ponderados los argumentos presentados por la parte aquí Peticionaria, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción, no intervendremos en la determinación recurrida. En el presente caso, la Peticionaria no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos. En vista de que las ordenes aquí recurridas fueron emitidas en el discreción del foro primario para lidiar con el diario manejo y tramitación de los asuntos judiciales, somos del criterio que en el presente caso procede que se deniegue el recurso de *certiorari* de epígrafe.

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari*. A su vez, declaramos **No Ha Lugar** la solicitud de auxilio de jurisdicción. En consecuencia, devolvemos el caso al foro primario para la continuación de los procedimientos.

**Notificar inmediatamente a la Hon. Evyanne M. Mártir Hernández y demás partes.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones